Gustavo T. Soto
NAME
F22347
PRISON NUMBER

Centinela State Prison
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Imperial, CA 92251
CITY, STATE, ZIP CODE

FILED
MAR 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254 ✓   1983
FILING FEE PAID
Yes ___  No ✓
IFP MOTION FILED
Yes ___  No ✓
COPIES SENT TO
Court ✓  ProSe

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

GUSTAVO T. SOTO,
(FULL NAME OF PETITIONER)
                                        PETITIONER

v.

V.M. ALMAGER, Warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

                                        RESPONDENT
            and

_____,
The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0490 H RBB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   Superior Court of El Centro, Imperial County

2. Date of judgment of conviction: March 17, 2006

3. Trial court case number of the judgment of conviction being challenged: JCF16250

4. Length of sentence: 18-years

CIV 68 (Rev. Dec. 1998)                                                       K:\COMMON\FORMS\CIV-68

5. Sentence start date and projected release date: __March 17, 2006; 2014__

6. Offense(s) for which you were convicted or pleaded guilty (all counts): __Unlawfully transport methamphetamine and Meth exceeded 20 Kilograms__

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☒

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☐
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☐ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: __Denied__
    (b) Date of result, case number and citation, if known: __Date of decision unknown; case number: D048400__
    (c) Grounds raised on direct appeal: __Appellate counsel filed a Wende Brief, and Petitioner's Petitioner's letter of ineffective assistance of defense counse. The California Court of Appeal advised Petitioner to his habeas petition with the superior court regarding the IAC claim__

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: __Denied__
    (b) Date of result, case number and citation, if known: __Jan. 17, 2007; S148672__
    (c) Grounds raised: __Ineffective assistance of defense counsel and appellate counsel__

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a) Result: __N/A__
    (b) Date of result, case number and citation, if known: _____
    (c) Grounds raised: _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☒ Yes   ☐ No

15. If your answer to #14 was "Yes," give the following information:
    (a) **California Superior Court** Case Number: __JCF16250__
    (b) Nature of proceeding: __Petition for Writ of Habeas Corpus__
    (c) Grounds raised: __Ineffective assistance of counel__
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes   ☐ No
    (e) Result: __Pending__
    (f) Date of result: __Pending__

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes   ☒ No

17. If your answer to #16 was "Yes," give the following information:
    (a) **California Court of Appeal** Case Number: __N/A__
    (b) Nature of proceeding: _____
    (c) Grounds raised: _____
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No
    (e) Result: _____
    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes  ☒ No

19. If your answer to #18 was "Yes," give the following information:
    (a) **California Supreme Court** Case Number: __N/A__
    (b) Nature of proceeding: _____
    (c) Grounds raised: _____
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No
    (e) Result: _____
    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

   On or about February 7, 2008, Petitioner obtained docu-
   mentary evidence need to attach to his state habeas petition
   in support of his claims, and lodged on March 5, 2008, his
   state habeas petition with the El Centro Superior Court.

### COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No     (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
             ☐ Denied on the merits?
             ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

CAUTION:
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) **GROUND ONE**: Ineffective assistance of counsel

   _____

   _____

   **Supporting FACTS** (state *briefly* without citing cases or law) On February 9, 2006, defense counsel filed with the El Centro Superior Court, on behalf of Petitioner a Statement in Mitigation in support of striking the enhancement (Cal. Penal Code §§ 1170; 11370.4(c)). On March 17, 2006, Petitioner appeared in the aforementioned superior court for purposes of sentencing. Mr. Poli Flores Jr., appeared on behalf of Petitioner. At sentencing the judge reviewed the record with regard to the mitigating and aggravating circumstances, and stated in pertinent part: "[Defense counsel] in his statement in mitigation talks at lenght about those circumstances in mitigation. And I'll address them now...defendant was suffering from a mental or physical condition that significantly redused culpability for the crime. So I suppose that's the theory.... The problem the court has in relying upon [Petitioner's] claim of drug use...it's only his claim. There's absolutely no corroborating evidence in the record to indicate that the defendant has this problem. Furthermore, there's nothing in the record that sets out the lenght of his problem.... But the record is really devoid of how that affected his daily life" (Reporter's Transcript, at pp.19,20). Prior to the sentencing phase defense counsel was well aware of Petitioner's mental and physical condition with regard

   Did you raise **GROUND ONE** in the California Supreme Court?
   ☐ Yes ☒ No.

(b) **GROUND TWO**: _____
_____
_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____
to Petitioner's drug problem and yet in the face of triggering facts counsel's failure to introduce the comparatively favorable, substantive legal evidence, Petitioner has obtained and now presents, was not justified by a tactical decision and clearly demonstrates that counsel did not fulfill his ethical obligation to conduct a thorough investigation of Petitioner's background.

    Evenmoreso, counsel's unprofessional service prejudiced Petitioner within Strickland's meaning, and but for counsel's unprofessional error, the result of the sentencing proceeding would have been different. After the judge determined that there was absolutely no corroborating evidence in the record and that the record was devoid of how Petitioner's mental and physical condition with regard to Petitioner's drug abuse, affective Petitioner's daily life, the judge enhanced Petitioner's 3-year sentence to an additional 15-years, when finding that the circumstances in mitigation did not justify striking the quantity enhancement.

    Petitioner's newly presented, substantive legal evidence, that was not presented at the penalty phase on March 17, 2006, is central issue to establishing Petitioner's drug use, medical and mental condition prior too, and during the commission of the crime Petitioner was arrested, charged and sentenced under.

    Contemporaneously with this Petition, Petitioner is submitting his Motion for Stay and Abeyance in this matter at bar.

Did you raise GROUND TWO in the California Supreme Court?
☐ Yes ☐ No.

(c) **GROUND THREE**: _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

[blank lines]

Did you raise GROUND THREE in the California Supreme Court?

☐ Yes ☐ No.

(d) **GROUND FOUR**: _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☒ Yes   ☐ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: __El Centro Superior Court, Imperial County__
    (b) Case Number: __JCF16250__
    (c) Date action filed: __Lodged with the court on March 5, 2008__
    (d) Nature of proceeding: __Petition for Writ of Habeas Corpus__

    (e) Grounds raised: __Ineffective assistance of counsel__

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes   ☐ No      __Pending__

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: _____

    (b) At arraignment and plea: __Poli Flores Jr., 836 State Street, El Centro, California 92243__

    (c) At trial: __Poli Flores Jr.__

    (d) At sentencing: __Poli Flores Jr.__

    (e) On appeal: __Ava R. Stralla, P.O. Box 28880, San Diego, CA__
    (f) In any post-conviction proceeding: __Petitioner acting pro se__

    (g) On appeal from any adverse ruling in a post-conviction proceeding: __none__

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    ☒ Yes   ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes   ☒ No
    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____
    (b) Give date and length of the future sentence: _____
    _____
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes   ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
    _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

                                         Petitioner in pro se
                                        SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_3-11-08_                         _[signature]_
  (DATE)                                   SIGNATURE OF PETITIONER

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Gustavo T. Soto

2254 — 1983

FILING FEE PAID
Yes ___   No ✓
IFP MOTION FILED
Yes ___   No ___
COPIES SENT TO
Court ___   Pro se ___

V. M. Almager

FILED
MAR 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Gustavo T. Soto
PO Box 901
Imperial, CA 92251
F-22347

**ATTORNEYS (IF KNOWN)**

'08 CV 0490 H RBB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE ___   Docket Number ___

DATE   3/17/2008

~~SIGNATURE OF ATTORNEY OF RECORD~~
[signature]

